[No. 7660.  Decided November 23, 1908.]

FRANK TWITCHELL, as Executor of the Estate of Mary E.
Twitchell, Deceased, Respondent, v. RIAL BENJAMIN
et al., Appellants.[1]

VENDOR AND PURCHASER—RIGHTS OF VENDEE—CONVERSION—RE-
MOVAL OF BUILDING—LIABILITY.  One is liable for a conversion where
he was under contract to purchase land and made improvements
converting a barn into a dwelling, and pending efforts to perfect title
removed the same and refused to pay therefor or buy the land after
the title was perfected.

SAME—DEFENSES—CONSENT TO REMOVAL.  In such a case it is no
defense that the vendor consented to the removal of the barn, not
intending a gift; as there arose an implied promise to pay its value.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 15, 1908, in favor of
the plaintiff, in an action for conversion, after a trial before
the court without a jury.  Affirmed.

· E. W. Howell, for appellants.
Reeves Aylmore, for respondent.

FULLERTON, J.—This action was instituted to recover the
value of a barn which it is alleged the appellants removed
from the premises of the respondent's testatrix to premises
of his own, and converted to his own use.  The cause was tried
by the court without a jury, and resulted in a judgment in
favor of the respondent.

The evidence on the part of the respondent tended to show
that the respondent's testatrix and appellants entered into a
contract by the terms of which the testatrix agreed to sell
and convey to the appellants a certain tract of land on which
the barn was situated; that the appellants took possession of
land and barn and changed the barn into a house, expending
thereon quite a large sum of money; that there were clouds
on the title to the land, which the appellants feared might not

[1]Reported in 98 Pac. 109.

be successfully removed, whereupon they removed the barn to premises of their own; and that, when the title was perfected in the testatrix to the land, they refused to carry out their agreement to purchase the lot. These facts justify the judgment of the court.

The appellants set up as a defense to the action, and there was evidence in the record tending to prove, that Mrs. Twitchell did not object to the moving of the barn at the time it was moved, but in fact assented thereto, in fear herself that the title to the lot might fail and the appellants lose the money they had expended in remodeling the barn. But if this were true, it would not require a reversal of the judgment. There is nothing in the record tending to show that a gift of the barn was intended. When, therefore, the appellants removed the barn, there arose an implied promise that they would pay for it such sum as it was reasonably worth, and nothing more than the reasonable value of the barn was awarded the respondent by the judgment of the trial court.

On either theory of the case, the judgment was right and will stand affirmed.

RUDKIN, DUNBAR, and MOUNT, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.